**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Henry Gresham, | No. CV-22-08171-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Thomas Henry Gresham seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

**I.     BACKGROUND**

Plaintiff was born in September 1994. He has at least a high school education. Plaintiff alleges disability due to lumbar degenerative disc disease, bilateral carpal tunnel syndrome, gastroesophageal reflux disease, obesity, hemorrhoids, depressive disorder, and anxiety disorder. Plaintiff previously was employed as a material handler. (Doc. 17 at 3; Doc. 12-3 at 19, 53, 12-6 at 2).

On December 13, 2019, Plaintiff applied for Title II application for a period of disability and disability insurance benefits. He also filed a Title XVI application for supplemental security income on December 27, 2019. In both applications Plaintiff alleged disability beginning July 5, 2014. The Title II claim was initially denied on January 3, 2020, and Plaintiff requested reconsideration on February 27, 2020. (Doc. 12-3 at 15). The Title XVI claim was initially denied on February 22, 2020, and reconsideration was requested on February 28, 2020. (Doc. 12-3 at 15; Doc. 12-4 at 22–30; Doc. 12-5 at 106-08). Upon reconsideration, the Title XVI claim was denied on July 16, 2020. (Doc. 12-4 at 31–46). The coronavirus disease 2019 ("COVID-19") pandemic necessitated a telephonic hearing which was held on April 19, 2021. (Doc. 12-3 at 29–60). All participants attended the telephonic hearing and testified before the ALJ. Plaintiff was represented by counsel and a non-attorney representative. A vocational expert also testified. During the hearing, a review of the file indicated that Plaintiff's prior Title II denial was not correctly processed. The ALJ escalated the Title II claim to the hearing level. On July 14, 2021, the ALJ informed Plaintiff of his right to submit written comments, a statement of facts and law and additional records. If Plaintiff failed to respond, the ALJ would admit the evidence in the record and issue a decision. (Doc. 12-7 at 106–07). On July 30, 2021, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. (Doc. 12-3 at 23). On July 26, 2022, the Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision. (*Id.* at 3–5). On September 23, 2022, Plaintiff sought review by this Court (Doc. 1).

## II.   STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Claims that are not actually argued in an appellant's opening brief are not considered on appeal. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). Only issues that are

argued specifically and distinctly in a party's opening brief are reviewed. *Id.* Moreover, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Failure to do so will only be excused when necessary to avoid a manifest injustice. *Id.*

A court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, when the evidence is susceptible to more than one rational interpretation, courts must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "Overall, the standard of review is highly deferential." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015).

## III.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).[1]

---

[1] At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R.

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2016, and that he has not engaged in substantial gainful activity since July 5, 2014. (Doc. 12-3 at 18). At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, gastroesophageal reflux disease, hemorrhoids, depressive disorder, anxiety disorder, and degenerative disc disease. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months. 20 C.F.R. §§ 404.1521–23; 416.921–24b. At step four, the ALJ found that Plaintiff does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff does not have a severe impairment or combination of impairments. (Doc. 12-3 at 19). The ALJ further found that Plaintiff can perform basic work activities. At step five, the ALJ concluded that Plaintiff's physical and mental impairments, considered singly and in combination, do not significantly limit the Plaintiff's ability to perform basic work activities. Thus, Plaintiff does not have a severe impairment or combination of impairments. (Doc. 12-3 at 23).

## IV.  ANALYSIS

### A.  The ALJ Did Not Err in Weighing Medical Source Opinion Evidence.

#### 1.  Legal Standard

Generally, more weight should be given to the opinion of a treating physician than

---

Pt. 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

to the opinions of physicians who do not treat the claimant, and the weight afforded a non-examining physician's opinion depends on the extent to which he provides supporting explanations for his opinions. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

In deciding the weight to give any medical opinion, the ALJ considers not only whether the source has a treating or examining relationship with the claimant, but also whether the treatment or examination is related to the alleged disability, the length of the relationship, frequency of examination, supporting evidence provided by the source, and medical specialization of the source. 20 C.F.R. § 404.1527(c). Generally, more weight is given to the opinion of a specialist about medical issues related to his area of specialty than to the opinion of a source who is not a specialist. *Id.* § 404.1527(c)(5). The ALJ may discount a physician's opinion that is based only on the claimant's subjective complaints without objective evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The opinion of any physician, including that of a treating physician, need not be accepted "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ may discount a physician's opinion that is based only on the claimant's subjective complaints without objective evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

The Commissioner has final responsibility for determining whether a claimant meets the statutory definition of disability, and a statement by a medical source that the claimant is "disabled" or "unable to work" is not controlling. 20 C.F.R. §§ 404.1527(d), 416.927(d). The Commissioner considers opinion evidence along with other evidence regarding the nature and severity of a claimant's impairments and a claimant's residual functional capacity, but the Commissioner does not give any special significance to the

source of an opinion on such issues. *Id.* All evidence from non-examining sources is opinion evidence. 20 C.F.R. §§ 404.1527(e), 416.927(e).

### 2. Discussion

The record shows the ALJ weighed all timely evidence. (Doc. 12-3 at 19–23). The ALJ set forth and explained which medical testimony he found persuasive. Dr. Ruzich's assessment, for example, was not persuasive to the ALJ because it did not contain objective evidence and was "not consistent with the longitudinal medical evidence of record . . . ." (*Id.* at 22). The ALJ did, however, consider objective findings provided by Dr. Ruzich, such as the Plaintiff's normal memory and attention. (*Id.* at 21). In rejecting Drs. Downs and Rubin's conclusion that there was insufficient evidence to adjudicate the claim, the ALJ considered evidence subsequent to their evaluation of him. (*Id.* at 22). In sum, the record established that the ALJ did not ignore medical testimony, but instead reasonably considered and weighed the entirety of the evidence, ultimately finding unpersuasive certain assessments favorable to Plaintiff.

Because the ALJ appropriately weighed and considered the medical evidence, Plaintiff's assertion that the ALJ improperly ignored evidence fails.

### B. The ALJ Provided Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.

### 1. Legal Analysis

If a claimant's statements about pain or other symptoms are not substantiated by objective medical evidence, the ALJ must consider all the evidence in the case record, including any statement by the claimant and other persons, concerning the claimant's symptoms. SSR 96-7p (C.E. 1996). Then the ALJ must make a finding on the credibility of the claimant's statements about symptoms and their functional effects. *Id.*

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged;

and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (*quoting Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

To ensure meaningful review, the ALJ must specifically identify the testimony from a claimant the ALJ finds not to be credible and explain what evidence undermines the testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "General findings are insufficient." *Id.* The ALJ must make findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *accord Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

In making a credibility determination, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Bray*, 554 F.3d at 1227 (internal quotation marks and citation omitted). But "an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Id.* Further, the claimant is not required to produce objective medical evidence of the symptom or its severity. *Garrison*, 759 F.3d at 1014. The ALJ must consider all of the evidence presented, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; factors that precipitate and aggravate the symptoms; effectiveness and side effects of any medication taken to alleviate pain or other symptoms; treatment other than medication; any measures other than treatment the claimant uses to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p (C.E. 1996).

**2. Discussion**

First, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." Second, the ALJ found Plaintiff's "statements regarding the intensity, persistence, and limiting effects of the symptoms not entirely credible to the extent they are inconsistent with the residual functional capacity assessment."

Plaintiff alleges symptoms from "a combination of physical impairments, including degenerative disc disease with stenosis, bilateral carpal tunnel syndrome, gastroesophageal reflux disease, and obesity. He also reported a combination of mental impairments, including depressive disorder and anxiety disorder." (Doc. 12-3 at 20). The ALJ identified which evidence persuaded him that Plaintiff's statements were inconsistent. First, the ALJ found that while the medical evidence indicated Plaintiff was clinically obese, obesity did not substantially affect Plaintiff's ability to perform work. (*Id.*). The ALJ also noted that Plaintiff did not consistently seek nor receive treatment for his symptoms. (*Id.*). Perhaps most significantly, Plaintiff's description of his own symptoms is inconsistent with some of Plaintiff's own testimony, namely that in 2021, "the claimant reported that he participated in cycling and weightlifting two to three times per week." (*Id.*). The ALJ's findings are well sustained in the record. (*See, e.g.*, Doc. 12-8 at 8, 51).

ALJ had clear and convincing reasons for discounting Plaintiff's descriptions of his symptoms. Having done so, the ALJ's determination that Plaintiff's combination of medical conditions was not severe enough to limit basic work functions. In other words, the ALJ's determination that Plaintiff has not been under a disability as defined under the Social Security Act is substantially supported by the evidence. Accordingly, Plaintiff's challenge fails.

///

///

///

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that the final decision of the Commissioner of Social Security is affirmed. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 2nd day of February, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge